The document below is hereby signed.

Signed: August 5, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROBERT-HORACE WILSON, | ) | [Case No. 12-32715-WIL |
| | ) | (Chapter 7) |
| Debtor. | ) | pending in the U.S. |
| _____ | ) | Bankruptcy Court for the |
| | ) | District of Maryland] |
| SPIKE CLUB, INC. and ROBERT WILSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 13-10018 |
| | ) | |
| PREMIER BANK, *et al.*, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendants. | ) | |

<u>MEMORANDUM DECISION RE MOTION TO REMAND TO SUPERIOR COURT</u>

This proceeding was commenced by Spike Club, Inc. and Robert Wilson on February 8, 2012, in the Superior Court of the District of Columbia as Case No. 2012 CA 1116. The amended complaint seeks an injunction as well as damages based on state law claims for wrongful foreclosure, breach of fiduciary duty, and a breach

of the implied covenant of good faith and fair dealing.[1] Premier's counterclaims seek to recover from Spike Club and Wilson amounts due under a promissory note.

On December 21, 2012, Wilson filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C.) in the United States Bankruptcy Court for the District of Maryland, Case No. 12-32715 WIL.  The defendants filed a notice of removal to this court, contending that the claims at issue in this proceeding are related to Wilson's bankruptcy case.  The plaintiffs, in turn, have filed a *Motion to Abstain and Remand Pursuant to 28 U.S.C. § 1334 or in the Alternative, to Remand Pursuant to 28 U.S.C. § 1452.*  The court finds that remand is appropriate on equitable grounds under 28 U.S.C. § 1452(b), making it unnecessary to reach the question of abstention at this time.

I

Pursuant to 28 U.S.C. § 1452(b), this court may remand a removed claim or cause of action "on any equitable ground." Included among the relevant factors courts consider are, *inter alia*, the effect on the efficient administration of the estate, the extent to which state law issues predominate over bankruptcy issues, the existence of a right to a jury trial, and the

---

[1] A preliminary injunction was granted before the matter was removed to this court, leaving only the plaintiffs' claims for damages to be decided.

presence in the proceeding of non-debtor parties. *Citigroup, Inc. v. Pac. Inv. Mgmt. Co. (In re Enron)*, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003).[2] "Any one of the relevant factors may provide a sufficient basis for equitable remand" under § 1452(b)'s "unusually broad grant of authority. . . ." *Fed. Home Loan Bank of Chi. v. Bank of Am.,* 448 B.R. 517, 525 (C.D. Cal. 2011).

The equities in this proceeding favor remand to the Superior Court. All of the claims at issue in this proceeding are state law causes of action filed in the Superior Court prior to the commencement of Wilson's bankruptcy case. A jury demand has been made with respect to at least some of these claims. None of the

---

[2] The *Enron* court listed 14 factors considered by courts:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*Citigroup, Inc. v. Pac. Inv. Magmt. Co. (In re Enron)*, 296 B.R. 505, 508 n.2 (C.D. Cal. 2003).

claims "arise under" title 11 or "arise in" Wilson's bankruptcy case, and as to claims that are pending only between non-debtor entities, such as Spike Club's claims against Premier, the court lacks even "related to" jurisdiction. These are typical state law claims and there is no reason the Superior Court ought not complete its adjudication of this dispute.

I am unpersuaded by Premier's assertion that remand will cause the bankruptcy court to lose control of its docket. The chapter 7 trustee, who (unlike Wilson) has the authority to prosecute Wilson's prepetition claims on behalf of the estate, has not asked this court to exercise its jurisdiction over any of the claims before it. Instead, he has advised that he has no interest in this proceeding.[3] If allowing the Superior Court to decide these claims posed a legitimate threat to the efficient administration of Wilson's bankruptcy case, the trustee would presumably argue against remand. He has not done so and the court finds that telling.

Like the plaintiffs' claims, Premier's counterclaims arise

---

[3] Premier has raised the issue that Wilson lacks the authority to prosecute his prepetition claims on behalf of the estate. Although I am remanding this proceeding to the Superior Court, nothing in this decision ought to be construed as lifting or modifying the automatic stay of § 362(a) that arose upon the commencement of Wilson's bankruptcy case, and notwithstanding the trustee's indication to this court that he does not claim an interest in this proceeding, until the trustee has actually abandoned Wilson's prepetition causes of action, they remain an asset of the bankruptcy estate.

4

under state law.  The court takes judicial notice of the fact that Premier has filed a proof of claim in Wilson's bankruptcy case.  Even if Premier's counterclaim against Wilson is based upon the same debt underlying Premier's proof of claim, that, alone, is not a compelling basis for retaining jurisdiction over this proceeding.  Wilson may eventually choose to invoke bankruptcy procedure and seek to have Premier's claim disallowed in full or in part by filing an objection to claim or by filing an adversary proceeding asserting an offset.  Such a proceeding would be a core proceeding under 28 U.S.C. § 157(b)(2)(B).  At *that* juncture, depending on where things stand in the Superior Court litigation and depending on whether the same issues are, in fact, involved, there may be grounds to renew the question of permissive abstention.[4]  Until that time, however, the court finds it appropriate, on equitable grounds, to remand these proceedings to the Superior Court, and allow that court to continue its adjudication of this dispute.[5]

---

[4] Mandatory abstention under 28 U.S.C. § 1134(c)(2) with respect to such a proceeding would be inapplicable because mandatory abstention applies only to non-core, related to proceedings.  *See In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 708 (2d Cir. 1995)

[5] The parties remain obligated to seek leave of the bankruptcy court before prosecuting any action that is subject to the automatic stay of 11 U.S.C. § 362(a).

II

An order follows.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.