The document below is hereby signed.

Signed: October 23, 2013



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROBERT-HORACE WILSON, | ) | [Case No. 12-32715-WIL |
| | ) | (Chapter 7) |
| Debtor. | ) | pending in the U.S. |
| _____ | ) | Bankruptcy Court for the |
| | ) | District of Maryland] |
| SPIKE CLUB, INC. and ROBERT | ) | |
| WILSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 13-10018 |
| | ) | |
| PREMIER BANK, *et al.*, | ) | **Not for publication in** |
| | ) | **West's Bankruptcy Reporter.** |
| Defendants. | ) | |

MEMORANDUM DECISION RE MOTION
TO ALTER OR AMEND ORDER REMANDING CASE

This adversary proceeding was a civil action in the Superior Court of the District of Columbia and was removed to this court as related to the bankruptcy case of Robert-Horace Wilson that is pending in the United States Bankruptcy Court for the District of Maryland. I remanded the civil action to the Superior Court.

Pursuant to 11 U.S.C. § 362(a), an automatic stay had arisen in Wilson's bankruptcy case. I had and have no authority to

grant relief from the automatic stay in that case.  Instead, any relief from the automatic stay must be sought from the court where the bankruptcy case is pending, the United States Bankruptcy Court for the District of Maryland.  In the *Memorandum Decision Re Motion to Remand to Superior Court*, at 5 n.5, I indicated that "[t]he parties remain obligated to seek leave of the bankruptcy court before prosecuting any action that is subject to the automatic stay of 11 U.S.C. § 362(a)."  The court's *Order*, however, did not repeat that admonition.

Premier Bank reports that "[t]he presiding judge in the Superior Court read[s] the language of the opinion to return to her jurisdiction to adjudicate the case without the need for any party to seek relief."  By its *Motion to Alter or Amend Order Remanding Case*, Premier Bank seeks clarification of the court's order remanding this removed civil action to the Superior Court as *not* effecting a lifting of the automatic stay that arose in Wilson's bankruptcy case.  Premier Bank's motion will be granted.

I

The plaintiffs oppose Premier Bank's motion as untimely under Fed. R. Civ. P. 59, but treating it as a timely motion under Fed. R. Civ. P. 60, I conclude that the motion should be granted.

II

The plaintiffs contend that by reason of the remand, this court lost any jurisdiction to enter an order relating to the civil action. Although this court cannot enter an order in the civil action, entering an order clarifying the order of remand is not the same as entering an order in the civil action.

III

When a civil action is removed, that precludes a state court from proceeding with the civil action unless and until it is remanded. Once a removed civil action is remanded, the state court is authorized to proceed with the civil action despite the bar that had arisen upon removal of the civil action. The plaintiffs draw upon this to argue that upon remand of a civil action, a state court is authorized to proceed with the civil action. However, that rule of law addresses the bar that arose by reason of removal and that precluded the state court from proceeding with the civil action. It does not address any injunction or statutory stay that bars the civil action from proceeding. The remand order did not effect a lifting of the automatic stay of 11 U.S.C. § 362(a) (relief that only the United States Bankruptcy Court for the District of Maryland could grant).

IV

Wilson's case is a case under Chapter 7 of the Bankruptcy

Code.  Any claims of Wilson that arose before the commencement of the case became property of his estate.  *See* 11 U.S.C. § 541.  The exercise of control over property of the estate constitutes a violation of 11 U.S.C. § 362(a)(3) (staying "any act . . . to exercise control over property of the estate").  Unless:

- Wilson's prepetition claims have become exempt property under 11 U.S.C. § 522(l) and thereby no longer property of the estate; or
- Wilson's prepetition claims have been abandoned from the estate under 11 U.S.C. § 554; or
- the bankruptcy case has been converted from Chapter 7 to a chapter under which Wilson is authorized to exercise control over the property of the estate; or
- the United States Bankruptcy Court for the District of Maryland grants relief from the automatic stay,

it appears that any prosecution by Wilson of such claims would violate § 362(a)(3).

Similarly, the prosecution by Premier Bank in the civil action of any claims it has against Wilson that arose before the commencement of Wilson's bankruptcy case would appear to violate 11 U.S.C. § 362(a)(1) and (6) unless the United States Bankruptcy Court for the District of Maryland grants relief from those provisions of the automatic stay.

Accordingly, it is appropriate to clarify that, to the

extent that § 362(a) applies to any claim being pursued in the civil action, this court's remand order did *not* effect a lifting of the automatic stay under that statutory provision.  As to claims in the civil action as to which § 362(a) does *not* apply, however, the parties remain free to pursue those claims, and the Superior Court is free to proceed with the civil action as to *those* claims.

V

An order follows.

[Signed and dated above.]

Copies to: All counsel of record.

5

R:\Common\TeelMW\LHV\OPINIONS\Spike Club v. Premier Bank\Memorandum Decision_Motion to Alter or Amend_Spike Club v. Premier Bank_v2.wpd